No. 39,220

STATE OF KANSAS, *Appellant*, v. P. E. LATSHA, *Appellee*.

(264 P. 2d 906)

Opinion filed December 12, 1953.

*Thomas M. Evans*, assistant attorney general, of Topeka, argued the cause and *Harold R. Fatzer*, attorney general, *Paul E. Wilson*, assistant attorney general, of Topeka, and *Wendell D. Winkler*, county attorney, of Paola, were with him on the brief for appellant.

*Ralph M. Hope*, of Wichita, argued the cause and *W. F. Lilleston, George C. Spradling, Henry V. Gott, George Stallwitz* and *Robert J. Hill*, all of Wichita, were with him on the brief for appellee.

The opinion of the court was delivered by

HARVEY, C. J.: This is a criminal case. The facts were stipulated and a trial by jury was waived. The trial court made findings of fact and found "the defendant not guilty." The state has appealed.

We quote or summarize as much of the facts shown by the record as we deem necessary for our opinion as follows:

"That the Missouri Pacific Railroad Company is a corporation, duly organized and existing under and by virtue of the laws of the State of Missouri and that Guy A. Thompson is the duly qualified and acting Trustee thereof under appointment of the United States District Court for the Eastern District of Missouri, Eastern Division; that said railroad company is authorized to do business in the State of Kansas and that at all times mentioned herein said Guy A. Thompson as said Trustee operated a railroad in the State of Kansas and particularly at Osawatomie, in Miami County, Kansas; and that on all dates herein mentioned in October and November, 1952, the defendant P. E. Latsha, was employed by said Trustee as Master Mechanic, and as such was at all such times the supervisor of all employees of said corporation employed in its shops at Osawatomie, Kansas.

"That the said Trustee of the Missouri Pacific Railroad Company has a large shop installation and employs a large number of persons at Osawatomie, in Miami County, Kansas; and that on November 4, 1952, and at all times herein mentioned F. E. Lucand was employed by said Trustee, under the supervision of the said P. E. Latsha, as an electrician, and F. R. Blandon was employed by said Trustee, under the supervision of the said P. E. Latsha, as a laborer, all in the said shops of said railroad at Osawatomie, Kansas."

F. E. Lucand and F. R. Blandon each was a duly registered qualified voter in named precincts in Osawatomie, Miami county, for the general election held on November 4, 1952. On October 30, 1952, they signed and presented to P. E. Latsha the following written application:

"In line with existing state laws, employees are entitled to a period of not to exceed two (2) hours off during their 8-hour work day for the purpose of voting. Time off without loss of pay to the employee. The undersigned desire to avail themselves of the provisions of this law."

On November 3, 1952, P. E. Latsha, as master mechanic, acknowledged receipt of the application made by Lucand and Blandon (and others) and stated:

"In view of the fact that all employees requesting time off to vote have regular assigned working hours of 7 a. m.—3 p. m. . . ., all such employees will be assigned the hours of 4 p. m. to 6 p. m. on November 4, 1952, in which to vote."

It was stipulated that on November 4, 1952, the polls in the city of Osawatomie were open from 6 o'clock a. m. until 7 o'clock p. m. While perhaps not important, it was stipulated that both Lucand and Blandon voted at their respective voting places on November 4, 1952.

The section of our statute, G. S. 1949, 25-418, upon which this prosecution is based, reads:

"Any person entitled to vote at a general election in this state shall, on the day of such election, be entitled to absent himself from any service or employment in which he is then engaged or employed for a period of two hours between the time of opening and closing the polls, and such voter shall not because of so absenting himself be liable to any penalty, nor shall deductions be made, on account of such absence, from his usual salary or wages: *Provided, however,* That application for such leave of absence shall be made prior to the day of election. The employer may specify the hours during which said employee may absent himself as aforesaid. Any person or corporation who shall refuse to an employee the privilege hereby conferred, or shall subject an employee to a penalty or deduction of wages because of the exercise of such privileges, or who shall in any manner attempt to influence or control such voter as to how he shall vote, by offering any reward, or by threatening his discharge from employment, or otherwise intimidating him from a full and free exercise of his right to vote, or shall directly or indirectly violate the provisions of this section, shall be deemed guilty of a misdemeanor, and be fined in any sum not less than fifty dollars nor more than one hundred dollars."

This was section 24 of chapter 78, Laws 1893. The act was a lengthy one adopting for this state the Australian ballot law. That act was revised in many particulars and repealed by chapter 129 of

the Laws of 1897 but section 24 was reinacted as first written. Although the section has been a part of our statute for sixty years no case interpreting it or applying to the facts presented has heretofore been presented to this court. We think it clear that the penal provision of this statute can be applied only to an employer, whether that be a person or a corporation. It is clear from the stipulated facts that P. E. Latsha was not an employer of F. E. Lucand and F. R. Blandon. All three of them were employed by Guy A. Thompson, Trustee. That is clearly stipulated. The fact that Latsha was the supervisor of Lucand and Blandon did not justify arresting him for an alleged violation of the penal provision of the statute. The result is that the trial court's finding that the defendant was not guilty is correct. Perhaps that result was properly reached for other reasons which are argued by counsel but we find it unnecessary to determine that question. The judgment of the trial court is affirmed.